

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2120
Re: Liability of person, firm, or
corporation conducting business
as an "Emigrant Agent," as de-
fined in Article 7047, sub-
division 40, and Article 5221a-1,
Vernon's Annotated Civil Sta-
tutes, and also as an "Employ-
ment Agent," as defined in Arti-
cle 5210, Vernon's Annotated
Civil Statutes, to the occupa-
tion tax levied by Article 7049,
sub-division 40, Vernon's Anno-
tated Civil Statutes, and the
license fees required respec-
tively by Articles 5221a-1 and
5210, Vernon's Annotated Civil
Statutes, and related questions.

By your letter of March 22, 1940, you submit for
the opinion of this department the two following questions,
which, together with factual statement and pertinent statutes,
are quoted therefrom:

"Questions have been presented to this Department
relating to the operation of employment agencies
for which the State is collecting or attempting
to collect two license fees and one occupation
tax from each operator.

"An explanation of the operation of such agen-
cies, the definitions and the tax or fees im-
posed by the laws follows:

"EMIGRANT AGENTS, ARTICLE 7047

"Article 7047, Subdivision 40, Vernon's
Annotated Civil Statutes, imposes a

Honorable George H. Sheppard, Page 2

State tax of $1000.00 on Emigrant
Agents and in addition thereto, said
Article imposes a State tax in each
county where such Emigrant Agent
maintains an office based on popu-
lation in the following amounts:

"Counties under 100,000 population $100.00
100,000 to 200,000 population $200.00
Counties over 200,000 population $300.00

"Emigrant Agent is defined as follows:

"'The term "Emigrant Agent" as
used herein means the business
of hiring, enticing, or solicit-
ing laborers in this State to
be employed beyond the limits
of this State and is also meant
to include every person, firm,
partnership, corporation or
association of persons maintain-
ing an office to hire, entice,
or solicit laborers to be em-
ployed beyond the limits of this
State; and is also meant to in-
clude every person who, as an
independent contractor or other-
wise than as an agent of a duly
licensed emigrant agent procures,
or undertakes to procure, or
assist in procuring laborers
for an emigrant agent; and
every emigrant agent shall be
termed and held to be doing
business as such in each and
every county wherein he, in per-
son, or through an agent, hires,
entices, or solicits any laborer
to be employed beyond the limits
of the State.'

"The above tax is collected by the County
Tax Assessor-Collectors of each county.

"EMIGRANT AGENT, ARTICLE 5221a-1

"Article 5221a-1, Vernon's Annotated Civ-
il Statutes, provides that each Emigrant
Agent shall, before operating in Texas,

Honorable George H. Sheppard, Page 3

secure a State license from the Commissioner of Labor, the fee of which is $10.00 annually. Emigrant Agent in this Act is defined as follows:

"'The term "emigrant agent" as used in this Act means every person, firm, corporation or association of persons engaged in the business of hiring, enticing, or soliciting laborers in this State to be employed beyond the limits of this State and is also meant to include every person, firm, partnership, corporation or association of persons maintaining an office to hire, entice, or solicit laborers to be employed beyond the limits of this State; and is also meant to include every person who, as an independent contractor or otherwise than as an agent of a duly licensed emigrant agent procures, or undertakes to procure, or assist in procuring laborers for an emigrant agent; and every emigrant agent shall be termed and held to be doing business as such in each and every county wherein he, in person, or through an agent, hires, entices or solicits any laborer to be employed beyond the limits of the State.'

"EMPLOYMENT AGENT ARTICLE 5208 to 5221

"Article 5210, V. A. C. S., provides that every Employment Agent shall procure a State license from the Commissioner of Labor for each county where an employment office is to be maintained by an Employment Agent, the annual fee of which is $150.00 per county. Employment Agent is defined as follows:

"'The term "Employment Agent" means every person, firm, partnership or association of persons

Honorable George H. Sheppard, Page 4

> engaged in the business of
> assisting employers to secure
> employes and persons to secure
> employment, or of collecting
> information regarding employ-
> ers seeking employes, and per-
> sons seeking employment.'

"In certain areas of the State, principally San
Antonio and other areas with a large Mexican pop-
ulation, employment agencies have been establish-
ed whose principal business is that of an Emigrant
Agent as defined in Article 7047, subdivision 40
but who also engage in the business of assisting
persons to secure employment in Texas which brings
them within the provisions of Article 5208, V. A.
C. S., an Employment Agent.

"The State Labor Commissioner has issued licenses
to such persons as Employment Agents and collect-
ed an annual State license fee of $150.00 for each
county of operation under Article 5210.

"In addition the Labor Commissioner has issued a
license to the same persons or agencies as Emi-
grant Agents and collected an annual State license
fee of $10.00 for each county of operation under
Article 5221a-1.

"Now the County Tax Assessor Collector of each
county of operation has demanded payment of the
tax in the amount of $1000.00 (or the other
graduated amounts imposed on sub-offices) from
the same persons or agencies for operating as
Emigrant Agents under Article 7047, Subdivision
40, V. A. C. S.

"The questions are therefore as follows:

> "1. When an agency operates in Texas
> as an Emigrant Agent hiring and solicit-
> ing laborers in this State for employ-
> ment beyond the limits of the State
> and at the same time operates as an
> Employment Agent engaged in assisting
> persons to secure employment in the
> State or employers to secure employees
> in the State, will such agency be
> required to pay all three license and
> tax fees prescribed by Article 7047,
> 5221a-1 and 5210, V. A. C. S?

Honorable George H. Sheppard, Page 5

"If you answer negatively, please advise me which of the fees or taxes such agency will be required to pay.

"2. If an agency operates in Texas as an Emigrant Agent hiring and soliciting laborers in Texas for employment beyond the limits of the State and does not assist employees in securing employment in Texas or assist employers in Texas in securing employees, will such agency be required to pay all three license or tax fees?

"If you answer negatively, which license and tax levies will he be required to pay?"

A distinction should be pointed between a license fee collected under the general police power of the State, and an occupation tax levied under the general powers of taxation and revenue residing in the Legislature, except as prohibited by the Constitution of Texas or of the United States. At 27 Tex. Jur., p. 892, we find the following statement regarding the nature and attributes of license fees:

"Licensing measures quite generally provide for the payment of a sum by the licensee to defray the expense of issuing the license and examining the applicant or supervising the business to be conducted. Such charges are usually denominated 'fees.' A license fee is not a tax, but a price exacted for the exercise of a privilege. It is levied under the police and not the taxing power, and therefore differs essentially from both a property and an occupation tax. As a rule, payment of the license fee is made a prerequisite to the right to exercise the privilege sought, and in many cases pursuit of the activity without previous payment of the required fee is made a criminal offense."

In this classification falls the fees exacted from "Emigrant Agents" by Article 5221a-1, Vernon's Annotated Civil Statutes, and from "Employment Agents", under Article 5210, Vernon's Annotated Civil Statutes, hereinafter discussed.

Honorable George H. Sheppard, Page 6

On the other hand, although occupation taxes are sometimes levied under both the police and revenue powers of the State, the primary purpose of the levy is revenue in contradistinction to regulation, as in the case of a license fee. The legal attributes of an occupation tax are stated at 29 Tex. Juris., p. 894-895, as follows:

"A tax imposed on the privilege of engaging in an occupation or calling licensed by law is denominated an 'occupation tax', or sometimes simply as a 'license tax.' An occupation tax is a direct, specific tax upon the person pursuing the occupation, trade or business; but the subject matter of the tax is the privilege exercised, not the person who exercises it nor yet the property used in the exercise of it. The tax is therefore neither a property tax nor a poll tax. Doubtless an occupation tax must be 'levied' before an obligation to pay arises. Such taxes are levied primarily for the purpose of raising revenue, but regulation may be a secondary object, and generally it seems that occupation taxes are imposed under both the police and the revenue powers."

In the latter category of an occupation tax, levied primarily for revenue rather than regulation, is the tax levied by sub-division 40, Article 7047, Vernon's Annotated Civil Statutes, hereinabove described.

The Legislature was not content merely to realize revenue from the occupation or business of "Emigrant Agent," but deemed such occupation or business to be sufficiently affected with a public interest to warrant its regulation and require, in the interests of the public welfare, certain conditions prerequisite to engaging in such business. Hence the enactment of Article 5221a-1 by the Legislature in 1929, bringing the conduct of this particular type of business under the control, supervision and regulation of the Commissioner of Labor Statistics of the State of Texas, and providing, in Section 2 thereof, for the following application and payment of license fee to pursue such business:

"Sec. 2. Each emigrant agent shall, before operating in Texas, secure a State license as such, on application therefor to the Commissioner of Labor Statistics of the State of Texas. Such application shall be in writing

Honorable George H. Sheppard, Page 7

on form prescribed by said Commissioner, and shall be verified by the applicant. Where the application is made by a firm, partnership, or association of persons, it shall state the names of all the members of such firm, partnership, or association of persons, and shall be verified by each of them and where by a corporation, it shall state the names of all officers and duly verified by authorized officer. The application shall state the post office address, and the residence and citizenship, of each applicant named therein. The application shall state where the main office of the applicant is and/or is to be located. It shall also state the counties in which the applicant proposes to do business and the place in each county where such business is to be conducted, provided, the application may be subsequently amended in this respect by supplemental application filed with said Commissioner, duly verified, adding counties not named in the original application and stating where such business is to be conducted in each such added county. No person shall engage in the business of any emigrant agent in any county not named in such original or amended application. When an emigrant agent has filed such application, and has paid the occupation taxes as provided by law, and pays to the Labor Commissioner of Texas an annual license fee of $10.00, the said Commissioner shall issue to him a state license as an emigrant agent, which shall entitle him to do business as such in any county named in said license in which said County tax has been paid. Such emigrant agent shall file with the Tax Collector of any county in which he proposes to do business a certified copy of his license." (Underscoring ours)

The statutory definition of "Emigrant Agent" being identical in both the tax measure and the licensing measure, it is readily apparent from the underlined portions of the latter Act above quoted, that the Legislature contemplated the collection of an annual license fee of $10.00 for each place of business in addition to occupation taxes levied by sub-division 40 of Article 7047, Vernon's Annotated Civil Statutes. In fact, payment of the latter tax is a

586

Honorable George H. Sheppard, Page 8

condition prerequisite to the issuance of the license by the Commissioner of Labor Statistics under Article 5221a-1, Vernon's Annotated Civil Statutes. But even absent such statutory expressions, our conclusion would still be that both the occupation tax and the license fee would be collectible, due to the fundamental distinction between the two levies, pointed out earlier in this opinion.

If in addition to the business of "Emigrant Agent" the same person, firm or corporation was engaged in business as an "Employment Agent," as indicated in your first question, then the license fee in the amount of $150.00, levied as a regulatory matter under the police power, by Article 5210, Vernon's Annotated Civil Statutes, would be required, cumulatively to the occupation tax and license fee hereinabove discussed. By comparison of the statutory definitions of the terms "Emigrant Agent" and "Employment Agent," it is apparent that two distinct and dissimilar occupations or businesses were contemplated - the first term embracing the business of hiring persons to be worked or employed only outside the State of Texas, while the latter term includes purely internal or intrastate transactions in the bringing together of employers and employees into relations of employment.

Therefore, we say that any person, firm, corporation or association of persons engaged in Texas in the dual business of "Emigrant Agent" and "Employment Agent", each as defined by statute, would be required to pay the occupation tax levied by sub-division 40, Article 7047, Vernon's Annotated Civil Statutes, upon the business of "Emigrant Agent" and would also be required to pay the license fees levied by Articles 5221a-1 and 5210, Vernon's Annotated Civil Statutes, respectively, upon the business of "Emigrant Agent" and "Employment Agent". This being an affirmative answer to your first question, the necessity of answering the second portion thereof is dispensed with.

In answer to your second question, it follows from the foregoing discussion that a person, firm, or corporation operating in Texas as an "Emigrant Agent," as defined by statute, and not as "Employment Agent," as defined by statute, would only be liable to the occupation tax levied by sub-division 40, Article 7047, Vernon's Anno-

Honorable George H. Sheppard, Page 9

tated Civil Statutes, and the license fee levied by Section 2, Article 8221a-1, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

PMN:GO

APPROVED APR 23, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BWB